In the Matter of the Application of the Waverly Water-Works Company, to Acquire Title to Lands, etc.

The court, having the right in its discretion to refuse leave to discontinue an action or special proceeding, can determine upon what terms it may grant leave. Its discretion in this respect is not limited to the payment of costs.

Where, therefore, in proceedings to acquire lands under the act in relation to water-works companies (Chap. 737, Laws of 1873, as supplemented by chap. 415, Laws of 1876), after the report of commissioners appointed to appraise damages, the company moved for leave to discontinue, and

the court granted the motion on condition that the company pay the owner a sum fixed for his expenses, charges and counsel fees, and the General Term reversed the order upon the sole ground that the court had no power to impose, as a condition, the payment of more than taxable costs and disbursements. *Held* error.

The discretion of the court in such case is not limited by the provision of the act of 1854 (§ 3, chap. 270, Laws of 1854), fixing the costs in special proceedings.

*It seems*, that in all cases where a motion is addressed to the favor of the court, which it may, in its discretion, grant or refuse, it may impose terms as a condition of granting the motion, and if the moving party cannot or will not comply with the condition, the result is simply a denial of the application, and, so the order is not reviewable here.

*In re Waverly Water-Works* (16 Hun, 57), reversed.

(Argued May 31, 1881 ; decided June 14, 1881.)

APPEAL from an order of the General Term of the Supreme Court, in the third judicial department, made November 27, 1878, reversing an order of Special Term. (Reported below, 16 Hun, 57.)

The nature of the Special Term order and the material facts appear in the opinion.

*J. McGuire* for appellant. When a party asks a favor of a court, any reasonable terms may be imposed unless the discretion is regulated or limited by some statute. (*In re Com'rs Wash. Park*, 56 N. Y. 144 ; 2 N. Y. S. C. 637.) For the purpose of this appeal it may be assumed that this was a special proceeding, and that, if a final order of confirmation or dismissal had been made in the court below, with costs, the costs would have been taxed according to the provisions of the act of 1854. (*In re R. & S. R. R. Co.* v. *Davis*, 55 N. Y. 145.) The order was entire, and, as a whole, should stand or fall. (*Peel* v. *Elliott*, 16 How. Pr. 483 ; *Noble* v. *Prescott*, 4 E. D. Smith, 139 ; *Lupton* v. *Jewett*, 19 Abb. 320 ; *In re N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 112 ; *Wallace & Sons* v. *Castle*, 68 id. 370 ; *Gale* v. *Vernon*, 4 Sandf. 709 ; *Jacobs* v. *Marshall*, 6 Duer, 689 ; *Merchants' Bank* v. *Mills*, 3 E. D. Smith, 210.)

*David B. Hill* for respondent. This was a special proceeding. (Code, § 3; *In re N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *R. & G. V. R. R. Co.* v. *Beckwith*, 10 How. 168; *Ex parte Ransom*, 3 Code R. 148.) The costs in such proceedings are in the discretion of the court; but, when allowed, they cannot exceed the rate allowed for similar services in civil actions. (1 Crary's Pr. [5th ed.] 15–19; 1 Bliss' Code, note *o*, p. 925; *In Matter of Fetter*, 78 N. Y. 602; *R. & S. R. R. Co.* v. *Davis*, 55 id. 145; *Matter of Syracuse, B. & N. Y. R. R. Co.*, 4 Hun, 311–15; *Matter of Barnett*, 52 How. 73; 55 N. Y. 146.) The costs upon the discontinuance of the proceeding could not exceed the limit prescribed by the act of 1854. (*In re Com'rs of Wash. Park*, 56 N. Y. 144; *Matter of S., B. & N. Y. R. R. Co.*, 4 Hun, 311; *Carleton* v. *Darcy*, 75 N. Y. 375; *People* v. *Fire Com'rs*, 5 Abb. N. C. 144; *Matter of Gibbs*, 58 How. 502.)

EARL, J. The Waverly Water Works Company instituted a proceeding under chapter 737 of the Laws of 1873, as supplemented by chapter 415 of the Laws of 1876, to acquire land from the appellant, the owner, for the purposes of the company. Commissioners were appointed by the Supreme Court to appraise the damages sustained by the owner, and after a hearing before them, they made their report appraising the damages at $7,200. After such report, and before the presentation thereof to the court for confirmation, the company made a motion to the court, upon notice to the owner, for leave to discontinue the proceeding. That motion was opposed by the land-owner, but it was granted upon condition that the company pay to the owner his expenses, charges and counsel fees, and a referee was appointed to take proof of the amount of such expenses, etc. A hearing was had before such referee, and he reported the amount which should be allowed the owner, at the sum of $605. Upon a motion to confirm the report, the court at Special Term reduced the amount to $375, and $50 for the fees of the referee, making together the sum of $425, and made an order granting leave to discontinue upon

payment of that sum. The company then appealed to the General Term, and there the order of the Special Term was reversed upon the sole ground that the court had no power to order, as a condition of the discontinuance, payment of more than the taxable costs and disbursements, under the act chapter 270 of the Laws of 1854, section 3 of which provides as follows: " In special proceedings and on appeals therefrom, costs may be allowed in the discretion of the court, and when allowed shall be at the rate allowed for similar services in civil actions." From the order of the General Term the land-owner brought this appeal.

We think the learned General Term fell into error. The costs provided for in the act of 1854 are those to be allowed in the discretion of the court upon the termination of a special proceeding. It is not disputed, and could not be, that the company could discontinue this proceeding only by leave of the court in which it was pending. (*In re Commissioners Washington Park*, 56 N. Y. 144; *Carleton* v. *Darcy*, 75 id. 375.) The court could grant the leave or absolutely refuse it. The learned counsel for the company, in his brief submitted to us, says: " It is true that there cannot be a valid discontinuance without an order of the court, and the court has the right to control the order and it may in its discretion refuse it." The court, having the right in its discretion in such a case to refuse the discontinuance, can determine upon what terms it will grant it, and if it imposes terms which the party applying for the discontinuance is unwilling or unable to comply with, he is in no worse condition than he would have been if the refusal had been absolute. The court in which an action is pending may impose terms beyond taxable costs as a condition of the discontinuance of the action. It may require the plaintiff to stipulate that he will not sue again for the same cause of action; or that, if he does sue again, the defendant may use the evidence already taken; or that he will not interpose the statute of limitations as a defense to a counter-claim which the defendant has set up in case he should sue the plaintiff thereon, or even that he will pay the counter-claim.

482 In Matter, etc., Waverly Water-Works Co. [June,

Opinion of the Court, per Earl, J.

The right to impose such conditions grows out of and is included in the right to refuse the discontinuance altogether.

In all cases where a motion is made addressed to the favor of the court, which it may in its discretion grant or refuse, as motions to vacate attachments, orders of arrest, injunctions, or to open defaults, the exercise of the discretion not being limited by any statute, it may impose terms to be complied with as a condition of granting its favor, and if the moving party cannot or will not comply with the condition, the result is simply a denial of his motion, a result which the court could have produced by an absolute denial. Here the act of 1854 did not limit the discretion of the court.

When an action or special proceeding has been commenced the defendant may have an interest that it shall be conducted to its termination, and in such case the court can protect such interest by refusing to permit the action or proceeding to be discontinued, or it may impose such reasonable terms as a condition of discontinuance as will fully protect or indemnify the defendant.

Here the land-owner had been subjected to costs and expenses beyond what could be taxed under the act of 1854, and he had obtained a favorable award, and it would be quite unjust to deprive him of the fruits of the proceeding without a full indemnity for the expenses to which he was subjected.

We have looked into the evidence taken before the referee, and believe that the condition imposed by the Special Term is not unreasonable, and, therefore, conclude that the order of the General Term should be reversed and that of the Special Term affirmed, with costs of appeal to the General Term and to this court.

All concur, except Folger, Ch. J., absent.

Ordered accordingly.