(49 App. Div. 45.)

## JEFFARDS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 27, 1900.)

ATTORNEY AND CLIENT—RETAINER—SUBSTITUTION.

A contract between plaintiff and his attorney for the prosecution of an action gave the latter an irrevocable power of attorney for that purpose, authorized him to retain half of any moneys recovered, and provided that in the event of a settlement, or certain other contingencies, his services should be valued at $1,000. *Held* that, on request for substitution of attorneys, an order allowing same, and reciting "that the lien of the said attorney for his compensation herein, and the contract he has with the plaintiff therefor, be in no wise impaired by this order, but remain in full force and effect," is proper.

Appeal from special term, Kings county.

Action by Eustace Jeffards, Jr., against the Brooklyn Heights Railroad Company. Appeal by plaintiff from a part of an interlocutory order entered thereon. Order affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Charles J. Patterson, for appellant.

Alfred C. Cowan, for respondent.

GOODRICH, P. J. The plaintiff, desiring to bring this action against the defendant for damages arising out of a personal injury, retained Mr. Alfred C. Cowan, a counselor at law, to prosecute the action, and made a written contract in which he gave him an irrevocable power of attorney for that purpose, authorized him to retain one-half of any moneys recovered, and provided that in the event of a settlement, or certain other contingencies, "the services rendered by Alfred C. Cowan shall be valued at the sum of one thousand dollars." This action was thereafter commenced, and, issue being joined, it came on for trial in December, 1899, when a representative of Mr. Charles J. Patterson, also a counselor at law, appeared and asked for a postponement of the trial on the ground that the plaintiff desired to have Mr. Patterson substituted as his attorney in place of Mr. Cowan. The trial being postponed, Mr. Justice Gaynor, on the presentation of an affidavit of the plaintiff, made an order requiring Mr. Cowan to show cause why an order of substitution should not be made, "upon such terms and conditions as the court shall deem proper, if any." On the argument of the motion, the court entered an order for the substitution, with a clause as follows:

"Ordered, that the lien of the said Alfred C. Cowan for his compensation herein, and the contract he has with the plaintiff therefor, be in no wise impaired by this order, but remain in full force and effect."

The plaintiff appeals from the quoted portion of the order. He contends that the agreement did not transfer any interest in the cause of action, and that the only interest acquired by Mr. Cowan was under section 66 of the Code of Civil Procedure, which gives a lien only for services actually performed; the language being, "the compensation of an attorney or counselor for his services." This.

question is not raised by the order or appeal. We are only to consider the authority of the court to insert in the order the clause in question. Rule 10, Gen. Rules Prac., provides that:

"An attorney may be changed by consent of the party and his attorney, or upon application of the client upon cause shown and upon such terms as shall be just, by the order of the court or a judge thereof, and not otherwise."

There is no charge of any misconduct on the part of Mr. Cowan, and, as the application was addressed to the favor of the court, it was within its discretion to impose the terms upon which the motion should be granted. In re Waverly Waterworks Co., 85 N. Y. 478. We are not called upon to determine the effect of the clause in question, of the order, or whether it will be res judicata as between the plaintiff and Mr. Cowan. It is sufficient to say that the record contains an agreement between them, the existence of which is not disputed by the plaintiff. Nor are we deciding as to the extent of Mr. Cowan's rights or remedies thereunder. We only decide that the condition was properly inserted, within the discretion of the court, upon a motion of this character. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.