### RESTIVO v. BRADLEY CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.   March 26, 1915.)

ATTORNEY AND CLIENT ☞140—COMPENSATION—CONTRACTS—POWER OF COURT.
    The court, in fixing compensation of an attorney, on the client seeking a substitution of attorney, is not bound by the contract of employment, but need not name a smaller amount than that fixed in the contract, and an allowance to the attorney of a third of any sum recovered by plaintiff is not excessive.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 336–349; Dec. Dig. ☞140.]

Appeal from Special Term, Kings County.

Action by Maddalena Restivo, as administratrix of Salvatore Restivo, deceased, against the Bradley Contracting Company. From the part of an order substituting Francis L. Corrao as attorney for plaintiff, and fixing his compensation, plaintiff appeals. Affirmed.

See, also, 150 N. Y. Supp. 1108.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Isidore Neustaedter, of New York City, for appellant.
Francis L. Corrao, of Brooklyn, in pro. per.

JENKS, P. J.   The plaintiff moved for a substitution of her attorney, and the Special Term denied the motion. She appealed, and we reversed the order, because it was against her absolute right, and remitted the matter to the Special Term to ascertain the amount of the attorney's lien and to provide for its protection. Therefore the Special Term granted the present order for substitution, ordered that the lien of the former attorney should remain in full force and effect, and determined that the amount thereof should be one-third of any sum that should be secured in this action by suit, settlement, or otherwise; and the plaintiff appeals.

Her grievance is the amount of the compensation. The Special Term had before it a statement of the services rendered, which was neither challenged nor contradicted, and the plaintiff prayed that the compensation should be made contingent. The amount determined was not unconscionable in itself, for if it had been one-half, instead of one-third, of any recovery it would not have been so. Morehouse v. Brooklyn Heights R. R. Co., 185 N. Y. 520, 78 N. E. 179, 7 Ann. Cas. 377; Ransom v. Cutting, 188 N. Y. 447, 81 N. E. 324. While the court was not bound, in determination of the amount, by the terms of the said agreement, it was not required to name a smaller amount because the continuance of the attorney had been cut off by the

wish, whim, or caprice of the plaintiff.  Jeffards v. Brooklyn Heights R. R. Co., 49 App. Div. 45, 63 N. Y. Supp. 530.  In Andrewes v. Haas, 160 App. Div. 421, 144 N. Y. Supp. 1060 (affirmed March, 1915), we said:

"If the client choose continuance and press on to success, the compensation in the first instance is determined by the agreed contingent fee; and this may be so, even though meanwhile the attorney has been discharged."

Upon this record we cannot say that any injustice has been done. The order is affirmed, with $10 costs and disbursements.  All concur.