CITY SCHOOL DISTRICT OF THE CITY OF KINGSTON, Respondent, v MICHAEL S. VASILEVICH et al., Appellants, et al., Defendants.

Third Department, February 23, 1978

## APPEARANCES OF COUNSEL

*Gerald J. Evans (Bruce D. Blatchly* of counsel), for appellants.

*Charles H. Gaffney, P. C. (Francis T. Murray* of counsel), for respondent.

## OPINION OF THE COURT

GREENBLOTT, J.

Appellants are owners of approximately 29 acres of land situated in Ulster County. In May and October of 1974 offers to purchase by the Kingston City School District were made to and rejected by the owners of the property. Condemnation proceedings were commenced by notice of petition and petition in November, 1974 and an answer was interposed opposing the condemnation. A *lis pendens* was filed on November 12, 1974—before service of the answer.

Supreme Court granted plaintiff a judgment of condemnation in April, 1975. In May of 1975, commissioners appointed by the Supreme Court met to determine the compensation to be awarded appellants for the taking. At that time the meeting was adjourned by stipulation until August, 1975. In the interim a new school board had been elected and determined to abandon plans for the proposed construction on appellants' land. The commissioners were advised of this decision and took no further action. On January 16, 1976 plaintiff school district moved, pursuant to section 18 of the Condemnation Law, for an order authorizing and directing the abandonment of the condemnation proceeding. The motion was granted by Special Term on August 2, 1976 conditioned on a determination of the damages caused by the "taking" to be determined at a plenary trial in Ulster County.

After trial, the court found that there had been a *de facto* taking but denied further damages since they had not been established by appellants and were merely speculative. Appellants challenge that determination on this appeal.

Appellants contend that there was a *de facto* temporary

taking and that they are entitled to various items of compensation including loss in market value during the period of the "taking", taxes and rental value for the same period, and attorney's and appraisal expenses for the time up to and including the damages trial.

Section 18 of the Condemnation Law provides, in part, that "Upon the application of the plaintiff [the condemnor] * * * the court may, in its discretion, and for good cause shown, authorize and direct the abandonment and discontinuance of the proceeding, upon payment of the fees and expenses, if any, of the commissioners * * * *and upon such other terms and conditions as the court may prescribe".* (Emphasis added.)

The court may condition the discontinuance upon whatever terms may be just, including the award of expenses and damages suffered by the owner of the subject property. This seems to be so whether or not there has been a legal "taking" since the provisions of section 18 apply whenever the condemnor seeks discontinuance of the proceeding at any time after presentation of the petition notwithstanding the fact that there has been insufficient action to constitute a taking.

A determination of whether a "taking" has occurred, while relevant, is not dispositive of the issues here; and, in our view, it is not necessary to determine whether a "taking" in the constitutional sense occurred. This is so because once compensable damages are established it would be an abuse of discretion under section 18 not to order their payment as a condition to the granting of an application for discontinuance.

Appellants claim that they should be awarded the rental value of their premises during the period the *lis pendens* was effective.

It is true that "[t]he established rule of compensation for a temporary appropriation is that the claimant is entitled to recover the loss of rental value during the period of appropriation plus any damages to the fee" *(Keystone Assoc. v State of New York,* 55 AD2d 85, 87, app dsmd 41 NY2d 901. See, also, *Great Atlantic & Pacific Tea Co. v State of New York,* 22 NY2d 75, 89). That does not mean, however, that a landowner is entitled to the rental value during the period in which the *lis pendens* was filed. The passage above uses the phrase *loss* of rental value and it has been held that "[t]here should be no recovery * * * where there is no loss" *(Great Atlantic & Pacific Tea Co. v State of New York, supra,* p 87). Thus, where, as here, the claimants have remained in posses-

sion and have suffered no interference with their usual activities, there is no injury and there should be no award. Indeed, attempts at computing lost rental value by reference to proposed uses, including some much more certain than the completely hypothetical and speculative possibilities offered by appellants' appraiser, have been rejected *(Keystone Assoc. v State of New York, supra;* see, also, *Arlen of Nanuet v State of New York,* 26 NY2d 346, 352-355 and n 2). This is in keeping with the general rule that fair compensation is to be computed as of the day of the taking, not as of the day of trial *(Arlen of Nanuet v State of New York, supra,* p 354).

Appellants have shown no loss. Further, their appraiser speculated what the rent would be, drawing upon possible uses to which the property could have been put. To make matters worse, the owners indicated that the land was not available for sale or development, thus making lost rentals or lost market value not merely speculative, but impossible. Special Term's refusal to award damages for lost market value (an issue not raised in appellants' brief) or lost rentals was proper; consistent with the principle that the focus is on the owner's loss, not the "taker's" gain *(St. Agnes Cemetery v State of New York,* 3 NY2d 37, 41).

█ Appellants also claim that they should receive compensation for taxes paid during the filing of the *lis pendens.* In *Matter of Keystone Assoc. v Moerdler* (19 NY2d 78, mot for rearg den 19 NY2d 598) the Court of Appeals indicated that taxes should be included in the award for a temporary taking (19 NY2d, at p 89). However, it was clear, on the facts of that case, that the owners of the property had been actually damaged by the restraint sought to be imposed. That is, they were prevented during the period of restraint from adapting the property to their own uses and thus should not have been responsible for taxes and maintenance in the interim. Where, as here, there has not been any substantial interference with the owners' rights (save for the *lis pendens)* it cannot be said that it is inequitable for them to bear the maintenance costs. They have not lost anything.

Trial Term, pursuant to stipulation, awarded attorneys' and appraisers' fees up to the time of discontinuance of the condemnation proceedings on August 2, 1976. The owners claim that fees incurred up to and including the damage hearing should be awarded.

██ The general rule is that counsel fees in an appropria-

tion claim are merely incidents of litigation and are not compensable *(City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Matter of Ulster Sewer Improvement, Town of Ulster v Horowitz,* 54 AD2d 808, app dsmd 40 NY2d 1079). Although the taker can be required, as a condition of discontinuance of the proceedings, to indemnify the owner for legal expenses *(Terrace Hotel Co. v State of New York,* 19 NY2d 526, 530-531), that is in the court's discretion. Under the present circumstances, it cannot be said that the court abused its discretion in failing to award expenses for a later hearing which proved unnecessary.

The order should be affirmed, without costs.

MAHONEY, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Order affirmed, without costs.