■ WESTBURY SLEEP PRODUCTS, INC., Appellant, v PARAMOUNT SLEEP PRODUCTS, INC., Respondent. — In an action to recover damages for breach of a stipulation of settlement incorporated in an order of voluntary dismissal of the United States Bankruptcy Court for the Eastern District of New York, plaintiff appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated March 23, 1983, which denied its motion for summary judgment. Order modified, on the law, by adding a provision thereto granting summary judgment to the defendant dismissing the complaint. As so modified, order affirmed, with costs to defendant. By order dated June 3, 1981, the United States Bankruptcy Court for the Eastern District of New York (Parente, J.) dismissed an involuntary petition in bankruptcy filed by defendant Paramount Sleep Products, Inc., a bedding manufacturer, against plaintiff Westbury Sleep Products, Inc., its franchised retailer operating at premises at 950 Old Country Road in Westbury, New York. The dismissal, however, was expressly made subject to several conditions, all of which were fulfilled except for that requiring the creditor, Paramount, to "arrange for the sale of the retail sleep products business" at that location to a third party at a minimum price of $50,000, and to split equally the sales price, less certain deductions, with debtor Westbury. The recitals in the order indicate that Westbury had answered Paramount's petition in bankruptcy and had counterclaimed. Paramount then moved to dismiss the proceeding on Westbury's consent, and the motion was granted subject to terms and conditions "as set forth in a stipulation of settlement dictated on the record on May 5, 1981", which are not in the record before this court. The conditions are apparently restated in the decretal portion of the order. Alleging that Paramount had failed to arrange for the sale of the premises pursuant to this order of the bankruptcy court, Westbury brought the instant action in the Supreme Court, Nassau County, seeking in effect to enforce the stipulation incorporated in the bankruptcy court order. Westbury demanded half the fair market value of the former franchise, which is estimated at $150,000. Paramount's answer denied any failure of condition and, as an affirmative defense, alleged that Westbury had failed to produce a willing buyer. Westbury then moved for summary judgment upon an affidavit of its president, whose personal observations of the premises led him to conclude that it had been "expanded and improved" and that the business at the location, now managed directly by Paramount, was "operating very successfully". He also noted that the examination before trial of Paramount's president had revealed that the latter had not attempted to sell the location as a franchise and was not maintaining separate books for the location. Paramount's president opposed the motion on the ground that there were no buyers willing to pay $50,000 or more for the location. He denied that the premises had been significantly improved, explaining that only "[m]inimum decorative work" and a new garage door had been added. The only reason the retail outlet continued operations, he said, was that it had been integrated with Paramount's other operations. Paramount also submitted an affidavit by its bookkeeper, which stated that Paramount's books had been reviewed by Westbury's attorney and that an allocation of profit and loss had been made for the location. It was his opinion that the location was being carried at a net operating loss and was unprofitable. Westbury did not deny, let alone attempt to rebut, Paramount's explanation for the physical changes at the location and its expert evidence regarding its unprofitability. Instead, Westbury's attorney, in replying, characterized the evidence as "completely irrelevant to the issues

in this case", and argued that the only issue was whether Paramount had in fact breached the condition of selling the outlet as a franchise for a minimum price of $50,000. Despite this failure to rebut Paramount's proof of an excuse of impossibility, Special Term ruled that there was an issue of fact regarding Paramount's compliance with the settlement order of the bankruptcy court. The order must be modified so as to grant summary judgment in favor of Paramount dismissing the complaint pursuant to CPLR 3212 (subd [b]).[*] Having initially contested Paramount's excuse of impossibility by suggesting that the location in question was a successful business operation, Westbury then proceeded to abandon the contest as irrelevant by arguing in its reply papers that it was entitled to summary judgment simply because the location's sale at a minimum of $50,000 had been directed by the bankruptcy court. The unrebutted evidence put in by Paramount, however, clearly showed that the location was unprofitable. Hence Paramount could not comply with the direction to arrange for its sale as a franchise to a third party at the upset price. Performance of the condition was, accordingly, excusable in law, and at no point has Westbury sought alternative relief under the terms of the settlement stipulation in the event that such excuse was accepted by the courts. Therefore, the action must be dismissed. Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.

---

* At the request of this court on oral argument, a copy of a subsequent and final order of the bankruptcy court, dated November 16, 1982, was handed up and made a part of the record. This subsequent order adjudged that the dismissal order of June 3, 1981 was confirmed, and the conditions other than the sale of the location had been satisfactorily disposed of. The issue of the sale of the location was ruled "subject to determinative action in the State court wherein the parties herein have appeared". Hence the order dismissed the bankruptcy action "as a final determination of the matter". Absent this final action by the bankruptcy court, this court could not have entertained the appeal. The conditional order of dismissal dated June 3, 1981 was made pursuant to rule 7041 of the Rules of Bankruptcy Procedure, which incorporates by reference rule 41 of the Federal Rules of Civil Procedure. Like CPLR 3217 (subd [b]), rule 41 (subd [a], par [2]) authorizes voluntary dismissals upon terms and conditions fixed in the order. The implication is that a failure of any such condition renders the dismissal ineffective (see Yoffe v Keller Inds., 582 F2d 982, cert den 440 US 915; Matter of Waverly Water-Works Co., 85 NY 478; Karpinski v Karpinski, 130 NYS2d 364). Pending unconditional dismissal of the bankruptcy petition, any application to enforce or modify the settlement agreement would be properly addressable only to the bankruptcy court, and the automatic stay of section 303 of the Bankruptcy Code of 1978 (US Code, tit 11, § 303) would still be operative.