■ THOMAS GANG, INC., Appellant, v STATE OF NEW YORK, Respondent. [797 NYS2d 583]—

Kane, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered April 14, 2004 in Hamilton County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1921, defendant acquired from Racquette Falls Land Company a parcel known as lot 120 in the Town of Benson, Hamilton County. This parcel is located in a portion of the Adirondack Park designated as wilderness land, in which motor vehicle use is generally prohibited. Racquette Falls Land Company simultaneously owned lot 167, the lot directly north of lot 120, which became landlocked when defendant appropriated lot 120. Over the years, the various owners of lot 167 utilized a road through lot 120 to access lot 167 for hunting and logging. Plaintiff purchased lot 167 in 1989. Although the Department of Environmental Conservation initially issued plaintiff temporary revocable permits to traverse that road over lot 120 to restock plaintiff's hunting camp and remove timber, it has denied plaintiff's permit applications since 1998, rendering lot 167 inaccessible by motor vehicle.

Plaintiff commenced this RPAPL article 15 action claiming an easement by implication or an easement by necessity over lot 120 in favor of lot 167. Prior to serving an answer, defendant moved to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment dismissing the complaint. Supreme Court granted defendant's motion for summary judgment. Plaintiff appeals.

Plaintiff established the elements of an easement by implication by showing that there was unity and a subsequent separation of title to the two parcels, that prior to separation the claimed easement was of longstanding continuous and obvious use so as to show that it was intended to be permanent and that the use was necessary to the beneficial enjoyment of the land (*see Beretz v Diehl*, 302 AD2d 808, 810 [2003]). It is arguable that plaintiff also established the elements of an easement by necessity by showing that, in addition to unity of title, at the time of severance the easement was absolutely necessary to obtain access to the landlocked parcel (*see Stock v Ostrander*, 233 AD2d 816, 817-818 [1996]; *Astwood v Bachinsky*, 186 AD2d 949, 950 [1992]). Despite these showings, plaintiff is not entitled to an easement over state land acquired by eminent domain.

When defendant takes property through eminent domain, it takes in fee simple absolute and extinguishes all easements (*see Matter of Ossining Urban Renewal Agency v Lord*, 39 NY2d 628, 630-631 [1976]; *Matter of County of Nassau [Grace Natl. Bank]*, 256 App Div 1094, 1095 [1939]). Under the NY Constitution, land designated as part of defendant's forest preserve, like lot 120, cannot be sold or encumbered with an easement (*see* NY Const, art XIV, § 1). Plaintiff contends that easements by implication or necessity arise not prior to or subsequent to the severance of unity of title, but at the exact moment of such severance (*see Minogue v Monette*, 158 AD2d 843, 844 [1990]), so the current law does not preclude such easements over state land. It seems anomalous that the law would extinguish existing easements, even those granted by deed, and precludes defendant from creating easements after acquisition, but would provide for easements that arise or spring into existence at the moment the property is appropriated. Such a proposition would unduly encumber state land and inhibit defendant's free use of such land for the purposes for which it was acquired. While landowners may be deprived of the ordinary use of their land by state appropriations which cut off access to their property, such landowners are not without a remedy. The Court of Appeals has held that landowners are entitled to compensation representing the value of the appropriated portion of the parcel and the decrease in value to their remaining land due to the deprivation of a reasonable means of gaining access to that remaining land (*see Pollak v State of New York*, 41 NY2d 909, 910-911 [1977]; *Kravec v State of New York*, 40 NY2d 1060, 1061-1062 [1976]; *Wolfe v State of New York*, 22 NY2d 292, 295-296 [1968]; *see also* EDPL art 5). In this case, it appears that neither Racquette Falls Land Company nor any of plaintiff's other predecessors in interest sought compensation from defendant for the deprivation of reasonable access, and the time within which to do so has presumably long since run (*see* EDPL 503). Because RPAPL article 15 judgments must declare the rights of the parties, we modify the judgment accordingly (*see* RPAPL 1521 [1]; *Astwood v Bachinsky, supra* at 950-951).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by declaring that plaintiff is not entitled to an easement by implication or an easement by necessity over land owned by defendant and plaintiff and its successors in interest are forever barred from asserting such claims in the future; and, as so modified, affirmed.