Properties Hacker, LLC v City of New York (2020 NY Slip Op 07682)





Properties Hacker, LLC v City of New York


2020 NY Slip Op 07682


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 21988/18E Appeal No. 12671 Case No. 2020-02902 

[*1]Properties Hacker, LLC, Plaintiff-Respondent,
v
City of New York, Defendant-Appellant, New York City Department of Transportation, Defendant.


James E. Johnson, Corporation Counsel, New York (Deborah R. Kerzhner of counsel), for appellant.
Horing Welikson Rosen & Digrugilliers PC, Williston Park (Richard T. Walsh of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered December 6, 2019, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the second, third and fourth causes of action with prejudice pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
As plaintiff concedes, all claims against the New York City Department of Transportation should be dismissed because it is not a suable entity.
The second cause of action seeks the right to relocate, restore, or rebuild a sign that was taken by eminent domain in 2007. However, once a property is condemned, the condemnee's rights in the property are "completely extinguished" (Vitucci v New York City School Constr. Auth., 289 AD2d 479, 480 [2d Dept 2001], lv denied 98 NY2d 609 [2002]).
The third cause of action, as pleaded in the complaint, seeks an easement for block 2277, lot 94 (incorrectly identified as lot 98), over the portion of block 2277, lot 50 that had been taken by eminent domain. That portion is now block 2277, lot 250. In opposition to defendants' motion, plaintiff sought an easement for the portion of lot 50 that had not been taken by eminent domain. Plaintiff may not now obtain an easement over lot 250 because, when the government "takes property through eminent domain, it takes in fee simple absolute and extinguishes all easements" (Thomas Gang, Inc. v State of New York, 19 AD3d 861, 863 [3d Dept 2005]; see also Matter of Ossining Urban Renewal Agency v Lord, 39 NY2d 628, 630-631 [1976]). To the extent plaintiff seeks an easement by necessity for lot 94, it failed to show that the easement was "'absolutely necessary'" (Simone v Heidelberg, 9 NY3d 177, 182 [2007]). Defendants submitted documentary evidence, including the deed for lot 94, showing that lot 94 did not need an easement over lot 250 because it already had an easement to its north.
Even if the value of lot 50 has decreased due to its lessened access to City streets, plaintiff had a remedy at the time of the eminent domain proceeding. "[L]andowners are entitled to compensation representing . . . the decrease in value to their remaining land due to the deprivation of a reasonable means of gaining access to that remaining land" (Thomas Gang, Inc., 19 AD3d at 863).
To the extent plaintiff wanted the tax map to be corrected, the City has done so. Plaintiff admits that the fourth cause of action is moot to this extent.
As for the part of the fourth cause of action that alleges slander of title, plaintiff admitted in opposition to defendants' motion, "since no pecuniary damages have yet been sustained, no cause of action for slander of title has yet accrued." In addition, the cause of action fails to allege the requisite malice or spite (see Terrace Hotel Co. v State of New York, 19 NY2d 526, 530 [1967]; see also id. at 532 ["the mere filing of the appropriation maps, not [*2]having been motivated by malice, did not constitute slander of title"]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020