STEPHEN DWORNIK and HELEN DWORNIK, Respondents, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 22303.)

THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, THE NEW YORK CENTRAL RAILROAD COMPANY, ERIE RAILROAD COMPANY, and CANADIAN NATIONAL RAILWAYS, Appellants.

Fourth Department, June 30, 1937.

*Dewitt Clinton* [*John J. Bennett, Jr., Attorney-General; Dewitt Clinton, II*, with him on the brief], for the appellant, State of New York.

*Louis L. Babcock,* for certain railroads.

*John F. Lane,* for the claimants.

PER CURIAM. Claimants, owning property situated at the corner of Amherst and Thompson streets in the city of Buffalo, have been awarded $3,000 for damages caused by a grade crossing elimination in the vicinity. None of their property was taken, there was no change of grade in either street in front of their property, and they were not cut off from all means of ingress and egress. Under these circumstances there is no statutory provision

_____

* See 155 Misc. 458.

which creates any liability to claimants for their damage, if any damage there be. And, of course, there is no common-law liability.

Claimants base their right to damages entirely upon the claim that their free and unlimited use of certain so-called " ancient streets " has been curtailed. They rely upon certain authorities which seem to recognize the " ancient street " doctrine. (*Matter of 29th St.*, 1 Hill, 189; *Reis* v. *City of New York*, 188 N. Y. 58; *Matter of Hoyt*, 162 App. Div. 469; affd., 213 N. Y. 651; *Matter of Corporation Counsel of City of New York*, 188 App. Div. 668; *Matter of Grade Crossing Comrs.*, 210 id. 328.)

The foregoing cases are relied upon to escape the doctrine laid down in such cases as: *Miller* v. *State of New York* (229 App. Div. 423); *Fearing* v. *Irwin* (55 N. Y. 486, 490) and *Coster* v. *Mayor, etc.* (43 id. 399).

Claimants made proof that Amherst and Thompson streets have existed, in their present location, for something like seventy-five years. But they have overlooked the fact that the so-called " ancient street " doctrine is not based upon the fact that the streets have existed for a long period of time. The doctrine is invoked when it appears that a common grantor, owning the land comprising the street in question, as well as the lot in question and also other lots, has given deeds to lots, bounding them by the street, thereby not only dedicating the street to public use, but also, at the same time, creating private easements, in the street, which cannot be taken away without compensation.

We fail to find in the record proof that brings this case within the " ancient streets " rule as laid down in the cases cited. And in any case it is doubtful that claimants have any right to damages for being deprived of the use of an " ancient street " where they are not cut off short of the next intersecting street. (*Reis* v. *City of New York*, 188 N. Y. 58; *Matter of Joiner St.* [*City of Rochester*], 177 App. Div. 361.)

The judgment should be reversed on the law and the facts, with costs, and the claim dismissed, with costs. Certain findings of fact and conclusions of law should be disapproved and reversed, and new findings and conclusions made.

Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment reversed on the law and facts, with costs, and claim dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.