David F. Lick, J r., J.
This is « motion by plaintiff for summary judgment made pursmml (o OPLR 3:112 in an action to recover rent under a lease of a gasoline station. Defendant requests summary judgment dismissing the complaint.
The lease, dated January 10, 1955, is for a period of 20 years, commencing May 1, 1.955. The, premises demised and leased are described in the lease, in part, as follows: “all that tract or parcel of land situate in the Town of Salina, County of Onondaga and State of New York, being Lots numbered four hundred eighty-nine (489) and four hundred ninety (490) on a map or plan of Buckley Gardens, dated May 18, 1914 made by A. L. Eliot, Civil Engineer, and filed in the office of the Clerk of Onondaga County May 20,1914, together with the fee, insofar as said first parties have the right to convey the same of all the streets and ways shown on said plan, in common with the owners of the other lots shown on said plan, and subject to the right of all other lot owners to make any customary use of said streets and ways.” Two other adjoining lots, 491 and 492, are also, by similar language, demised by the lease. There is an exception set forth in the description in the lease, and also in the deed to plaintiff, which was recorded November 30, 1954, of a strip of land five feet in width along the southerly line of Gaskill Avenue, now Interstate Route 81, which was conveyed by previous owners to the Town of Salina by deed dated April 1, 1935 for the purpose of widening Graskill Avenue.
The lease includes a provision: “ (12) If the demised premises or any part thereof shall be taken by or pursuant to governmental authority or through exercise of the right of eminent domain, or if a part only of said premises is taken and the balance of said premises in the opinion of Lessee is not suitable for the operation of a drive-in gasoline service station, this lease, at the option of Lessee, shall terminate without further liability on the part of Lessee ”. A “Rider” dated May 23, 1955 includes a similar provision with regard to the taking of the demised premises or any part thereof by eminent domain with the word “ reasonably ” appearing before “ suitable,” and also provides: “ Notwithstanding the provisions of Clause (12) hereof as amended, Lessee shall not be entitled to participate in any award for damages to its leasehold interest caused by such taking ”,
The gasoline station, built by plaintiff, is located at the corner of what was formerly known as Graskill Avenue and a street still referred to as 7th North Street in the Town of Salina. Seventh North Street was a through street and vehicular traffic passed the demised premises in both directions. Access to the *283 gasoline station was available only from 7th North Street. The State of New York constructed Route 11 over what had formerly been Gaskill Avenue. In 1982 Route 11 became Interstate Route 81, a limited-access highway, and the State closed Interstate Route 81 to through traffic from 7th North Street. In the area of the demised premises an overhead crossing (7th North Street Interchange) over Interstate Route 81 was constructed, and there has been a diversion of traffic from that portion of the street where the gasoline station is located. Seventh North Street, which abuts the demised premises, is still open to traffic, and continues to be a public street subject to public easement. Two other streets, Albion Avenue and Luther Avenue, part of the Buckley Gardens, were also dead-ended at their points of intersection with Interstate Route 81 to the south of the demised premises. Albion Avenue, Gaskill Avenue and 7th North Street are shown on a survey map of ‘ Part of Buckley Gardens, In Town of Salina, Onondaga County, N. Y. Owned by J. W. Wilbur, May 18, 1911 ” submitted upon this motion with defendant’s affidavit.
Defendant entered into possession of the premises under the lease and continued in possession and paid rent until September 30,1963. A letter dated September 6,1963 on behalf of defendant addressed to persons who for a time prior to September, 1963 were assignees of the lease, with copies of the letter being sent to plaintiff and others, states:
“Humble Oil and Refining Company is lessee of the above premises under a certain lease entered into between Esso Standard Oil Company and Bruno E. Low on January 10, 1955. The premises leased, as described in that lease, included a fee interest in certain streets shown on a map therein referred to.
“ Subsequently, the State of New York has blocked 7th North Street at the northwesterly corner of the service station parcel and has placed a high embankment along the northerly line of the former 7th North Street. This action by the State of New York constitutes a taking of a portion of the premises which you leased in the above lease to Esso Standard Oil Company.
“ Our service station has been rendered inoperable by the action of the State of New York. Therefore, inasmuch as the balance of the premises in our opinion is not suitable for the operation of a drive-in gasoline service station, this Company hereby elects to exercise its option to terminate the above lease pursuant to Clause (12) thereof, effective September 30, 1963.”
Defendant asserts that there has been a taking by governmental authority, that by barricading and fencing off 7th North Street that it is now a cul-de-sac street, substantially affected by *284 reason of the action of the State of New York. Photographs and a sketch submitted by defendant show that the premises in question are at the bottom of a cul-de-sac. Upon oral argument and in their memorandum defendant’s counsel urge the “ ancient street doctrine,” and that the taking by a governmental agency of either a public easement or a private easement is a taking contemplated by the lease. Plaintiff on the other hand argues that there has been no taking of the demised premises, that plaintiff had no interest in the streets to convey and no interest could be appropriated by governmental authority, and, therefore, defendant has no ground for terminating the lease, and urges that summary judgment be granted for the rent plaintiff alleges is due and owing.
The question for determination by the court is whether any part of the demised premises has been taken by or pursuant to governmental authority or through exercise of the right of eminent domain which would entitle defendant to terminate its lease with plaintiff “pursuant to Clause (12) ” of the lease. Has there been a taking of a private easement, as distinguished from a public easement, contemplated by the lease, and to which defendant is entitled by the terms of the lease ?
‘ ‘ An abutting owner has two distinct easements in a street: As a citizen, a public easement common to all; as an owner of property, a private easement which may be due simply to contiguity with that street or by virtue of special grant ” (Matter of City of New York [East 5th St.], 1 Misc 2d 977, 981).
The court in Lord v. Atkins (138 N. Y. 184, 191) stated: “ It is well settled that when the owner of land lays it out into distinct lots, with intersecting streets or avenues, and sells the lots with reference to such streets, his grantees or successors cannot afterwards be deprived of the benefit of having such streets kept open. When, in such a case, a lot is sold bounded by a street, the purchaser and his grantees have an easement in the street for the purposes of access, which is a property right.” (See Reis v. City of New York, 188 N. Y. 58, 70; Matter of City of N. Y. [East 5th St.], supra; Wells & Riv. Holding Corp. v. Otis Elevator Co., 7 Misc 2d 671, affd. 5 A D 2d 883.)
In Fiebelkorn v. Rogacki (280 App. Div. 20, 21, affd. 305 N. Y. 725) citing Lord v. Atkins (supra) and other cases, the court said: “ The rule of law is that when an owner of property sells lots in reference to a map, which lots abut upon a street as shown on the map, the grantees are entitled to have the land shown as a street left open forever as a street or highway”.
In Dwornik v. State of New York (251 App. Div. 675, 676, affd. 283 N. Y. 597) the court referring to the “ ancient street *285 doctrine ” stated: “ The doctrine is invoked when it appears that a common grantor, owning the land comprising the street in question, as well as the lot in question and also other lots, has given deeds to lots, bounding them by the street, thereby not only dedicating the street to public use, but also, at the same time, creating private easements, in the street ”.
The court in Jablowsky v. State of New York (267 App. Div. 54, 56, affd. 292 N. Y. 652) a gasoline station case, said: “As found by the court below, the ancient street doctrine is not applicable here in that such doctrine is not based upon the fact thax streets have existed for a long period of time (Dwornik v. State of New York, 251 App. Div. 675, affd. 283 N. Y. 597) ”.
Mr. Justice Eder in Matter of City of New York (East 5th St.) (1 Misc 2d 977, 985 supra) pointed out with reference to an easement derived from a common grantor that: ‘ ‘ The rule may also be stated in these" words: “A street easement by grant arises only when it is shown that the dominant tenement (ownership of the land) and the bed of the street were once the property of a common grantor. The city’s subsequent opening of the street for the public is qualified, with respect to all grantees, to require its maintenance as a street.”
The affidavits, pleadings and exhibits submitted upon this motion, the supporting proof submitted pursuant to CPLR 3212 (subd. [b]), do not show that any of the streets, Gaskill Avenue, 7th North Street, Albion Avenue or Luther Avenue, were once the property of a common grantor, and there is no showing of a taking of a private easement in any of the streets in question.
The court concludes that there has been no taking by or pursuant to governmental authority or through exercise of the right of eminent domain of any portion of the demised premises.
The defendant’s answering affidavit, as did defendant’s counsel upon oral argument, questions the right of the plaintiff to bring this action. The court is of the opinion that no triable issue of fact is raised on this point, and concludes that the plaintiff does have the right to maintain this action.
Plaintiff’s motion for summary judgment should be granted; defendant’s motion for summary judgment should be denied. No motion costs are awarded.