J. Seward Bodine, J.
The property of the claimant, from which this claim arises, is a two-story warehouse at the northwest corner of Scott Street and Chicago Street in the City of Buffalo. For many years there had existed on Chicago Street, at the side of this building, an elevated structure or viaduct which carried the traffic on the street over the tracks of several railroads, and there was no access to claimant’s warehouse at the street level, the only access being to the second-floor level through a ramp which connected the second floor of the ware *1022 house to the Chicago Street viaduct. On the Scott Street frontage there had at all times been a loading and unloading area as well as pedestrian access on the first floor.
For Thruway purposes the State, in 1959 and 1960, eliminated the Chicago Street viaduct and leveled Chicago Street to its original grade, thus affording normal access to claimant’s building for vehicles and pedestrians alike to the first floor. None of claimant’s property was appropriated, but claimant makes claim for damages for change of grade on the theory that the elimination of an elevated structure from a street is, in fact, a change of grade.
The court has read all of the authorities quoted by both sides herein, and many more, and has finally come to the conclusion that the use of the word ‘ ‘ grade ’ ’ is deceptive and misleading and forms the chief stumbling block to the application of the law on the facts of this case. The court has been unable, after diligent effort, to find any other decision on the removal of an elevated structure in a street forming a basis for a claim to change in grade. Query: How does one acquire a prescriptive right to the maintenance of an elevated structure in a street which was erected originally for an elimination of a grade crossing of railroad tracks?
The cases cited by claimant in support of his contention are mostly based on the ‘ ‘ ancient street doctrine ’ ’ and are not applicable to the facts of this case.
The court prefers to rely on the recent case of Selig v. State of New York (10 N Y 2d 34) and the cases therein cited, and Dwornik v. State of New York (251 App. Div. 675) and Matter of Joiner St. (City of Rochester) (177 App. Div. 361). Claimant now has much better access to his property than he did before, except, of course, that he has no access to the second floor except from the first floor level. In addition, an eyesore has been removed, and in the opinion of the court, his property has been improved by the removal of this viaduct, rather than damaged.
The court refuses to mark the findings submitted by either side because of.the deceptive use of the word “ grade ” in both sets of findings. The court will be glad to mark findings if submitted in accordance with this decision. The court has viewed the property. The court finds that the claim must be dismissed.