■ BRUNO E. LOW, Respondent, v. HUMBLE OIL & REFINING COMPANY, Appellant.— HERLIHY, J. Appeal by the defendant from an order of Special Term which granted summary judgment to the plaintiff and denied defendant's motion for such relief and from the judgment entered thereon. This action was commenced to recover rents accruing and unpaid by the defendant pursuant to a lease dated January 10, 1955 as amended on May 23, 1955, which granted as follows: " together with all rights of way, easements, driveways and pavement, curb and street front privileges thereunto belonging ". The lease also contained the following clause: " (12) If the demised premises or any part thereof shall be taken by or pursuant to governmental authority or through exercise of the right of eminent domain, or if a part only of said premises is taken and the balance of said premises in the opinion of Lessee is not reasonably suitable for the operation of a drive-in gasoline service station, this lease at the option of Lessee, shall terminate without further liability on the part of Lessee, or the rent hereunder shall be reduced in proportion to the reduction in the area of the premises ". The issue necessary to the determination of the defendant's right to terminate the lease is whether or not the defendant ever had a private easement in the street, referred to in the record as Route 11, which was subsequently appropriated by the State of New York in regard to Interstate 81. The plaintiff alleged in his affidavit in support of his motion that there was no direct access to the demised lots from Route 11 and that such access was barred by a guard rail. The affidavit of Samuel Miller in opposition to the motion of plaintiff states that access was available to the premises from Route 11 until the State altered this route by changing it into a limited access highway and constructing a fence so as to block access

to the demised lots. The plaintiff's reply affidavit states that the State had previously acquired any right of access to Route 11. In support of this contention, a letter is attached as Exhibit E from the Department of Public Works. This letter, dated September 12, 1955, asserts that the right of way for Route 11 had been acquired from "The original owners" without access. Also, a memorandum is attached as Exhibit F and from it, it appears that in May of 1955 the Department of Public Works was insisting that certain fill had to be removed from the right of way along Route 11 by the parties herein. In view of the conflicting inferences, a question of fact was presented which requires a trial to determine if there were access to Route 11 in connection with the ownership of these premises and whether or not such access was a private easement which had been acquired by the State. There may be other issues of fact developed on the trial. We do not, by this decision, purport to limit the proof nor do we reach the merits. Order granting plaintiff's motion for summary judgment, denying defendant's cross motion therefor and dismissing defendant's counterclaim, modified, on the law and the facts, to the extent of deleting the award of summary judgment to plaintiff, and as so modified, affirmed; and judgment entered thereon reversed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Brink, JJ., concur with Herlihy, J. [51 Misc 2d 281.]