■ Bruno E. Low, Respondent, v. Humble Oil & Refining Company, Appellant.— Gabrielli, J. Appeal from an order of the Supreme Court at Special Term, entered February 9, 1968 in Broome County, which granted plaintiff's motion for summary judgment, and from the judgment entered thereon. On January 10, 1955 plaintiff leased to defendant's predecessor certain land upon which he had erected a gasoline service station. The property was located at the corner of Gaskill Avenue (also known as route 11) and 7th North Street in the Town of Salina. The lease contained the following clause: " (12) If the premises or any part thereof shall be taken by or pursuant to governmental authority or through the exercise of the right of eminent domain, or if a part only of said premises is taken and the balance of said premises in the opinion of Lessee is not reasonably suitable for the operation of a drive-in gasoline service station, this lease at the option of Lessee, shall terminate without further liability on the part of Lessee, or the rent hereunder shall be reduced in proportion to the reduction in the area of the premises". In 1962, the State erected a barricade and fence along Gaskill Avenue and across 7th North Street at its intersection with Gaskill Avenue, effectively cutting off access to Gaskill Avenue; and on September 6, 1963 defendant notified plaintiff it elected to terminate its lease because "the State of New York has blocked 7th North Street at the northwesterly corner of the service station parcel and has placed a high embankment along the northerly line of the former 7th North Street. This action by the State of New York constitutes a taking of a portion of the premises which you leased in the above lease to Esso Standard Oil Company." This action was then commenced to recover unpaid rents which accrued on and after October, 1963. Defendant contended that the State's action in erecting the fence and barricade in 1962, constituted

a taking by eminent domain depriving it of access to Gaskill Avenue and 7th North Street. Thereafter plaintiff moved for and was granted summary judgment by Special Term (51 Misc 2d 281) and on appeal we determined that the, "Order granting plaintiff's motion for summary judgment, denying defendant's cross motion therefor and dismissing defendant's counterclaim, modified, on the law and the facts, to the extent of deleting the award of summary judgment to plaintiff, and as so modified, affirmed; and judgment entered thereon reversed, without costs." (27 A D 2d 629, 630.) Plaintiff then moved for reargument of the appeal on the ground, among others, that recorded documentary evidence (not previously submitted) established that prior to the execution of the lease the State had appropriated Gaskill Avenue, cutting off anyone's right to any easement in this street. This motion was denied "without prejudice to an appropriate application to Special Term". In making the determination appealed from, Special Term had before it all pleadings and papers used on the former application in addition to a certified copy of the description and appropriation map filed by the State Superintendent of Public Works in the Onondaga County Clerk's office on August 27, 1954 which clearly shows that Gaskill Avenue (route 11) was appropriated adjacent to the leased premises, in fee, "without the right of access to and from the abutting property". Upon the filing of the description and map by the Superintendent of Public Works title vested in the State as of the date of filing. (Highway Law, § 30, subd. 6). We must, therefore, conclude that if any right of access to Gaskill Avenue existed at any time prior to the execution of the lease, it had been extinguished by the State's appropriation on August 27, 1954, a fact which was not considered by Special Term on the previous application and, of course, which did not appear when the case was before us on the prior appeal. While we are mindful of the argument advanced by defendant under the doctrine of "ancient streets" which grants to an abutting owner a private easement in the bed of a street if *both* the lot and street were owned *and laid out* by a common grantor, and the lot is then sold with reference to the street (*Reis* v. *City of New York*, 188 N. Y. 58; *Fiebelkorn* v. *Rogacki*, 280 App. Div. 20, affd. 305 N. Y. 725; *Jablowsky* v. *State of New York*, 267 App. Div. 54, affd. 292 N. Y. 652; *Dwornik* v. *State of New York*, 251 App. Div. 675, affd. 283 N. Y. 597), any such right in and to Gaskill Avenue that may have existed was cut off on August 27, 1954; and, insofar as 7th North Street is concerned, the "ancient streets" doctrine is inapplicable since the record clearly shows that when the lots in question were laid out in 1914 as shown on the "Map of Buckley Gardens", 7th North Street was already in existence having been laid out as early as 1897 by another owner. For all these reasons we must, therefore, conclude that none of the demised premises or any part thereof were "taken by or pursuant to governmental authority or through exercise of the right of eminent domain" *subsequent* to the execution of the lease. Whatever act was performed by the State was done upon its lands owned by it since 1954. Additionally, it will be observed that access to 7th North Street has not been cut off and access to that part of the street that abuts the premises is the same as before. We find unavailing defendant's contention that the appropriation by the State was invalid for a failure to serve notice thereof upon the owners of any easements. No such notice is required (See *Fifth Ave. Coach Lines* v. *City of New York*, 11 N Y 2d 342; *Weitzner* v. *Stichman*, 271 App. Div. 255, affd. 296 N. Y. 907). Neither do we find any error in the procedure followed in the determination of the motion following the order upon the prior appeal. (*Collins, Inc.* v. *Olsker-McLain Inds.*, 22 A D 2d 485, 488; CPLR 2217, subd. [a]; 2221; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.03.) Additionally, defendant seeks reversal claiming a plenary trial is required to determine the

intent of the defendant's assignor and the plaintiff in the execution of the lease and, in effect, to determine its construction. The plain and unambiguous language of the lease referring to defendant's right to terminate it refers only to a taking or condemnation which will occur in the future; and it goes without saying that when the intention of the parties or the construction of a contract, which is not by its terms ambiguous, can be gathered from the instrument itself, it is for the court to determine such intention as a matter of law (*Nucci v. Warshaw Constr. Corp.*, 12 N Y 2d 16; *Janos v. Peck*, 21 A D 2d 529, affd. 15 N Y 2d 509; 10 N. Y. Jur., Contracts, § 190). Order and judgment affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.