■ PAUL KENT, Respondent, v OSCAR DUTTON, Appellant.— Order unanimously reversed, on the law, without costs, and motion denied. Memorandum: Contrary to plaintiff's contentions, the failure of the defendant to submit any opposing affidavits does not warrant the granting of summary judgment in favor of the plaintiff. The burden is always on the movant to establish his cause of action sufficiently to warrant the court to act as a matter of law *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Accepting as true, as we must, all of plaintiff's allegations, nevertheless, there are insufficient grounds for granting summary judgment in this action. Plaintiff's claim of easement for access over defendant's land, either by necessity or by implication, following the town's abandonment of the highway that connected and ran through both parties' parcels, must fall by reason of plaintiff's failure to allege a common grantor. Without proof of a common grantor, there can be no easement by necessity (49 NY Jur 2d, Easements, § 95, at 199). Similarly, no implied private easement of access arises to an adjoining owner over the land of another following an abandonment of a highway unless there is a showing of a common grantor. In 5 Warren's Weed, New York Real Property (Streets and Highways, § 9.02, at 78), the rule is summarized as follows: "A private easement of way may not be expressly or impliedly created by grant over purported streets where the ownership of the land in the streets and of all easement rights therein is vested in a third person or in a municipality not a party to a grant. Rather, such an easement arises only when it is shown that ownership of the land and the bed of the street were once the property of a common grantor."

Special Term's reliance upon *Holloway v Southmayd* (139 NY 390) is misplaced. The implied private easement of access

arises in order to insure that a grantee or his successors in title are not deprived of the use of the right-of-way existing at the time title was acquired *(Holloway v Southmayd, supra,* p 407). *Stupnicki v Southern N. Y. Fish & Game Assn.* (41 Misc 2d 266, *affd* 19 AD2d 921) is controlling. There the court denied an adjoining landowner's claim to a private easement over his neighbor's property following the abandonment of a public highway, absent a showing of a common grantor. Proof of common ownership will not be presumed, nor is it sufficient merely to show a common source of title *(see, Low v Humble Oil & Refining Co.,* 51 Misc 2d 281, *mod* 27 AD2d 629, *same case* 31 AD2d 676). Plaintiff has failed to show this necessary element; therefore, his motion for summary judgment must be denied. (Appeal from order of Supreme Court, Cattaraugus County, Feeman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.