■ SAUL A. WOLFE et al., Appellants, v ALAN BELZER, Respondent.—In an action, inter alia, for a permanent injunction, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Luciano, J.), dated May 7,

1990, as granted that branch of the defendant's cross motion which was for partial summary judgment, declaring that the defendant possessed an easement across the plaintiffs' land, and that the easement included the right to transport building materials necessary for the construction of a two-story house.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly found that an easement of way by necessity was created when the common grantors to the parties conveyed the defendant's parcel to the defendant's predecessors in interest. The land conveyed to the defendant was entirely surrounded by the land from which it was severed, and was thereby separated from the public street (see, 49 NY Jur 2d, Easements and Licenses in Real Property, § 94; *Palmer v Palmer*, 150 NY 139). We agree with the Supreme Court that the deed given to the defendant's predecessors in interest does not expressly negate an intent to create an easement on the private road known as Inlet Walk. The surrounding circumstances, including the letter from the original grantors to the defendant's predecessors in interest, clearly evidence an intent that an easement over Inlet Walk should be created.

The extent of the easement is to be inferred from the circumstances surrounding the conveyance, "It is to be assumed that they anticipated such uses as might reasonably be required by a normal development of the dominant tenement" (Restatement of Property § 484, at 3022; *see also, Armstrong v County of Onondaga*, 31 AD2d 735). The construction of a new home is certainly within the normal development of the defendant's land.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.