■ JAN ASTWOOD, Appellant, v WALTER BACHINSKY et al., Respondents, et al., Defendants.—Mercure, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 10, 1991 in Ulster County, upon a decision of the court in favor of defendants Walter Bachinsky, Olenka Bachinsky and Sawyer Savings Bank.

Plaintiff and defendants Walter Bachinsky and Olenka Bachinsky (hereinafter collectively referred to as defendants) own adjoining parcels of real property located on the southwest side of Plattekill Creek in the Town of Saugerties, Ulster County. Plaintiff commenced this RPAPL article 15 action against, among others, defendants for a determination that plaintiff possessed an easement by implication or by necessity over defendants' property. Following a nonjury trial, Supreme Court granted judgment in favor of defendants dismissing the complaint, and plaintiff appeals.

"In order to establish an easement by implication from preexisting use upon severance of title, three elements must be present: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long

continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained" *(Abbott v Herring,* 97 AD2d 870, *affd* 62 NY2d 1028 [citations omitted]; *see, McQuinn v Tantalo,* 41 AD2d 575, 576, *lv denied* 32 NY2d 610; 49 NY Jur 2d, Easements, § 67, at 162-163). In order to establish an easement by necessity, plaintiff was required to prove the same unity of title and, further, that at the time of severance an easement over defendants' property was absolutely necessary in order to obtain access to plaintiff's land *(see, Palmer v Palmer,* 150 NY 139, 146-147; *Ogden v Jennings,* 62 NY 526, 531; *Minogue v Monette,* 158 AD2d 843, 844; *Bauman v Wagner,* 146 App Div 191, 195; 49 NY Jur 2d, Easements, §§ 95, 97, at 199-200, 201-202). In either case, plaintiff has the burden of establishing the elements by clear and convincing evidence *(see, Abbott v Herring, supra; Tubb v Rolling Ridge,* 28 Misc 2d 532, 535).

We agree with defendants that plaintiff failed to satisfy his burden of establishing that there was a unity of title prior to severance of the parties' respective parcels or that the claimed easement was either absolutely necessary or obvious and visible at the time of severance. Although plaintiff's experts opined that the respective properties were under common ownership at the time of an 1804 deed to Jacobus Van Etten, plaintiff was unable to trace defendants' chain of title back beyond an 1838 deed from Levi Lawson to James Porter. In our view, neither the description contained in the deed to Van Etten or a filed map of the Kingston Commons provided adequate detail or proved sufficiently accurate or reliable to sustain plaintiff's burden, and the reference in the 1838 deed to adjoining property of Van Etten establishes nothing more than the fact that plaintiff derived his title from Van Etten, a point beyond dispute. Moreover, defendants' title expert refuted plaintiff's claim of unity of title and opined that defendants' title was more likely derived from William Blackwell. Finally, even if plaintiff did establish the requisite unity of title, in view of his conceded failure to establish the time of severance of title other than within a 34-year span, we conclude that he failed to establish either the existence of or necessity for the claimed easement at the time of severance. We note in this regard that plaintiff's surveyor found physical evidence of at least two other roadways leading to plaintiff's property which could possibly have provided a means of access at the time of severance.

As a final matter, RPAPL article 15 judgments should

declare the rights of the parties on the claim presented *(see, Keller v Village of Castleton-on-Hudson,* 173 AD2d 979), and the judgment of Supreme Court should be modified accordingly.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, with costs to defendants Walter Bachinsky and Olenka Bachinsky, by reversing so much thereof as dismissed the complaint; it is declared that plaintiff is not entitled to an implied easement or an easement by necessity over the parcel of land owned by defendants Walter Bachinsky and Olenka Bachinsky; and, as so modified, affirmed.