■ U.S. Cablevision Corporation, Appellant, v James Theodoreu et al., Respondents. [596 NYS2d 485] —Crew III, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Fitzer, J.H.O.), entered May 9, 1991 in Orange County, which, inter alia, granted defendants' motion to amend their answer.

Plaintiff is a corporation whose principal business is to install and maintain cable television lines. On December 10, 1987, plaintiff purchased a 1½-acre parcel in the Town of Monroe, Orange County, from Elwood Schuck and Martha

Schuck for the purpose of constructing a microwave receiving antenna. The parcel purchased by plaintiff was contained within a larger parcel owned by the Schucks and, as a result, the Schucks granted plaintiff two easements over their remaining lands. The first easement, dated November 18, 1987, granted plaintiff a 15-foot right-of-way which included, *inter alia,* the right to construct and maintain underground cables within the property covered by the easement. The second easement, dated December 10, 1987, granted plaintiff a 15-foot right-of-way for ingress and egress across the Schucks' property. The Schucks subsequently conveyed their remaining lands to Charles Terranova who, in turn, conveyed the property to defendants in March 1988. Although the second easement was contained in defendants' chain of title, the parties have stipulated that the first easement was not recorded prior to defendants' purchase of the property.

Plaintiff thereafter began constructing a roadway within the easement and, in June 1988, commenced this action alleging that defendants were interfering with plaintiff's use of its parcel and the easement.[1] Defendants answered and counterclaimed for trespass. Plaintiff's subsequent motion for a preliminary injunction was denied by Supreme Court and the matter ultimately proceeded to trial in December 1990. Although not entirely clear from the record, the trial was apparently adjourned prior to the completion of plaintiff's case until April 1991. In the interim defendants moved, by order to show cause, to amend their answer to assert a counterclaim for a permanent injunction. Supreme Court granted defendants' motion, finding that the easement held by plaintiff granted only a right of ingress and egress. This appeal by plaintiff followed.[2]

We affirm. Initially, we reject plaintiff's contention that Supreme Court abused its discretion in allowing defendants to amend their answer and assert a counterclaim for a permanent injunction. "It is firmly established that leave to amend

1. During the pendency of this action, defendant James Theodoreu commenced a separate action against plaintiff and others. Supreme Court granted plaintiff's motion for summary judgment dismissing the complaint and Theodoreu appealed *(see, Theodoreu v U.S. Cablevision Corp.,* 192 AD2d 847 [decided herewith]).

2. Although not part of the record, it appears that the trial resumed in June 1991 and that defendants were awarded damages on their counterclaim. Plaintiff, however, apparently appeals only from Supreme Court's order granting defendants' motion to amend their answer to assert a counterclaim for a permanent injunction.

pleadings under CPLR 3025 (b) is to be freely given in the exercise of the trial court's discretion, provided that there is no prejudice to the nonmoving party and that the amendment is not plainly lacking in merit" *(Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555, 556 [citations omitted]). Prejudice sufficient to warrant denial of a motion for leave to amend generally requires a showing that the party opposing the motion has undergone a change in position, or foregone a right, in reliance upon an omission in the pleading sought to be amended *(see generally,* Siegel, NY Prac § 237, at 353-354 [2d ed]). Here, the amended counterclaim merely requests different relief than that originally sought by defendants, and plaintiff's claim of prejudice is unpersuasive. Under these circumstances, the motion for leave to amend was properly granted.

Plaintiff next argues that the second easement it acquired, which granted "a 15.00 foot wide right of way for ingress and egress across [defendants' lands]", includes the right to install underground utilities to service the proposed microwave receiving antenna.[3] As a general proposition, "[a]n easement of way confers the lawful right to use the surface of property owned by another for unobstructed passage, with the right to enter upon said property and prepare it for that purpose, together with such other incidental rights as are necessary to the enjoyment of the right of passage" *(Minogue v Kaufman,* 124 AD2d 791, 791-792). The grant of a mere right-of-way for ingress and egress does not, however, include the right to install underground pipes or utility lines *(see, McCormick v Trageser,* 24 NY2d 873, 874-875; *Holden v City of New York,* 7 NY2d 840, 841; *compare, Missionary Socy. of Salesian Congregation v Evrotas,* 256 NY 86, 88 [grant of a right-of-way included the right to " 'free and unobstructed use' " of the road for the passage of vehicles and " 'all other lawful purposes' "]; *Hudson Val. Cablevision Corp. v 202 Developers,* 185 AD2d 917, 920 ["use of the language 'for all purposes' in the grant appears to confer far more extensive rights than those of mere ingress and egress"]). As the terms of the easement are unambiguous, plaintiff's reliance upon extrinsic

---

3. Although the language of the first easement plainly was broad enough to allow plaintiff to install underground cables, this easement did not appear in defendants' chain of title. Defendants, therefore, cannot be charged with constructive notice of this easement *(see, Witter v Taggart,* 78 NY2d 234), and we are of the view that plaintiff failed to establish that defendants had actual notice of the first easement. Accordingly, this easement cannot be employed against defendants.

evidence to support its claim that the second easement entitles it to install underground cables is misplaced *(cf., Valley View Gardens, Section II v Valley View Gardens,* 188 AD2d 804, 806; *Matzell v Distaola,* 105 AD2d 500, 501-502, *lv denied* 64 NY2d 608).

Nor are we persuaded that plaintiff is entitled to an easement by implication, necessity or estoppel. "In order to establish an easement by implication from pre-existing use upon severance of title, three elements must be present: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained" *(Abbott v Herring,* 97 AD2d 870, *affd* 62 NY2d 1028; *see, Astwood v Bachinsky,* 186 AD2d 949, 949-950; *Minogue v Monette,* 158 AD2d 843, 844; *Ford v Village of Sidney,* 139 AD2d 848, 849). As for an easement by necessity, plaintiff must not only establish unity of title, but must also establish that "at the time of severance an easement over defendants' property was absolutely necessary in order to obtain access to plaintiff's land" *(Astwood v Bachinsky, supra,* at 950; *see, Minogue v Monette, supra,* at 844). With respect to the element of necessity, " 'the necessity must exist in fact and not as a mere convenience' " *(Carlo v Lushia,* 144 AD2d 211, 212, quoting *Heyman v Biggs,* 223 NY 118, 126). In either case, the burden of establishing each of the required elements by clear and convincing evidence lies with plaintiff *(see, Astwood v Bachinsky, supra; Abbott v Herring, supra).*

Here, although plaintiff has established unity of title and that the proffered use is arguably necessary for the beneficial enjoyment of the parcel, there is no easement by implication because there was no open and obvious laying of underground cables on the servient estate prior to separation *(see generally, Bigg v Webb Props.,* 118 AD2d 613). Additionally, even assuming that plaintiff has established the elements for an easement by necessity, such an easement would only provide plaintiff with a right-of-way for ingress and egress *(see generally,* 49 NY Jur 2d, Easements, §§ 94-99, at 197-205; 3 Powell, Real Property ¶ 410) which, as we have previously observed, does not provide plaintiff with the right to install underground cables in the right-of-way.

Finally, we are of the view that plaintiff has failed to demonstrate the existence of an easement by estoppel. Plaintiff has failed to point to any representations made by defendants upon which it reasonably relied to its detriment,

thereby estopping defendants from denying an easement in its favor *(see, Van Schaack v Torsoe,* 161 AD2d 701, 703; 49 NY Jur 2d, Easements, § 21, at 107). Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is affirmed, without costs.