■ JOHN D'AMBRO, Respondent, v ALBERT T. SQUIRE et al., Appellants. [612 NYS2d 269] —Peters, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered April 13, 1993 in Washington County, which, *inter alia,* partially granted plaintiff's cross motion for summary judgment.

Plaintiff owns a parcel of real property in the Town of Easton, Washington County, approximately one-half mile east of County Highway 113. Plaintiff's parcel abuts the easterly line of a highway in the Town known as Verbeck Avenue. Defendants own land on both sides of Verbeck Avenue between plaintiff's parcel and Highway 113.

Plaintiff commenced this action for a declaratory judgment establishing his right-of-way over a roadway crossing defendants' land. Defendants' answer raised certain affirmative

defenses and counterclaims which, *inter alia,* challenged plaintiff's claim to a right-of-way or other easement crossing defendants' land. Defendants thereafter moved for summary judgment based upon the authority of *Daetsch v Taber* (149 AD2d 864), contending that plaintiff was not entitled to a finding of easement by implication or necessity over his property even if Supreme Court found an abandonment of the highway because of the lack of a common grantor. Plaintiff cross-moved for summary judgment to dismiss the answer, affirmative defenses and counterclaims based upon an affidavit of counsel which annexed an abstract of title and survey maps of plaintiff's land, together with a topographical map of Washington County, all supporting the contention that plaintiff's and defendants' title could be traced to a common grantor. Supreme Court denied defendants' motion and granted plaintiff's cross motion to the extent that it determined that plaintiff's land was benefited by a right-of-way and easement running from Highway 113 through defendants' land. Defendants appeal.

Unity and subsequent separation of title must be established by a showing of a "common grantor" to establish either an easement by implication or easement by necessity. We find that Supreme Court properly found unity and subsequent separation of title whereby the subject lands were conveyed from a common grantor *(see, Kent v Dutton,* 122 AD2d 558).

The record further establishes that the common grantor owned both the land and roadbed in fee *(see, supra)* and that at the time Samuel Chase and Frances Chase conveyed the parcel to William Travis, plaintiff's predecessors in title, the use of the public highway as a means of accessing what is now Highway 113 was necessary to the enjoyment of the retained land *(see, Holloway v Southmayd,* 139 NY 390). We agree with Supreme Court to the extent that it found plaintiff's lands to be benefited by a right-of-way and easement which follows the old public highway.

Finally, we find no merit in defendants' contention that plaintiff abandoned the easement. While it is true that an easement created by grant may be lost by abandonment, nonuse alone does not result in an abandonment no matter how long it continues *(see, Consolidated Rail Corp. v MASP Equip. Corp.,* 67 NY2d 35, 39). "A party relying upon another's abandonment of an easement by grant must produce 'clear and convincing proof of an intention to abandon it' " *(supra,* at 39, quoting *Hennessy v Murdock,* 137 NY 317, 326). Defendants' verified answer and counterclaim alleges nonuse

of the roadway for 50 years. However, defendants have proffered no evidence to establish any intention of plaintiff or his predecessors in title to relinquish their rights in the easement.

Crew III and Weiss, JJ., concur.

Casey, J. (dissenting). A review of the record reveals the absence of sufficient evidence to establish as a matter of law that the alleged common grantors, Samuel Chase and Frances Chase, made the public highway as it then existed a boundary of the parcel conveyed to William Travis, which is an essential element of the implied easement recognized by the Court in *Holloway v Southmayd* (139 NY 390, 410-411). According to the abstract in the record, the Chase to Travis deed contains references to a point in the centerline of the public highway and a stake in the highway, but the course in between is described by angles and distances, not by reference to the highway. The record contains no evidence regarding the location of the public highway in 1844 when the Chase to Travis conveyance occurred, so there is no way of determining whether the course description of the westerly boundary in the Chase to Travis deed coincided with the public highway and effectively established the public highway as the boundary. The only evidence of the public highway's location is a survey, prepared in 1981, which depicts the *"present* centerline of 'old roadway' " (emphasis supplied) and demonstrates that the "old roadway" is not the westerly boundary of the parcel now owned by plaintiff. It is also significant that the alleged common grantors' grantee apparently did not consider the public highway as a boundary, for the deed from Travis to John Newland, which first carved out the parcel now owned by plaintiff, contains only a single reference to a point in the centerline of the public highway as the beginning of a metes and bounds description.

Because the evidence in the record is insufficient to establish that the public highway was a boundary of the parcel conveyed by the alleged common grantors, plaintiff is not entitled to summary judgment on his claim of an implied easement under the principle set forth in *Holloway v Southmayd (supra),* which is the sole basis for his cross motion. In any event, even if the evidence were sufficient to establish plaintiff's entitlement to an easement over the former public highway, there is evidence in the record that the road constructed by defendants in 1982 over which plaintiff seeks to impose an easement does not follow the same route as the old public highway. For these reasons, Supreme Court's order

should be modified by reversing so much thereof as partially granted plaintiff's cross motion for summary judgment.

Cardona, P. J., concurs. Ordered that the order is affirmed, with costs.