■ MICHAEL STOCK et al., Appellants, v ANNA M. OSTRANDER, Respondent, et al., Defendant. [650 NYS2d 416] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Gladwin, J.H.O.), entered April 20, 1995 in Ulster County, upon a decision of the court in favor of plaintiffs.

In 1988, plaintiffs purchased four separate parcels of unimproved real property comprising approximately 87 acres in the Town of Woodstock, Ulster County. The property, which does not border on a public road, can only be accessed from the nearest public highway, State Route 212, by means of a private dirt road which traverses the property of defendant Anna M. Ostrander (hereinafter defendant). Defendant placed a gate across the roadway leading to plaintiffs' premises which interfered with plaintiffs' ingress and egress.

In May 1992, plaintiffs commenced this declaratory judgment action to establish an easement over the dirt road. After a nonjury trial, Supreme Court found that plaintiffs had an easement by prescription, necessity and implication, and granted them a 10-foot-wide right-of-way. A judgment was entered on April 20, 1995, from which plaintiffs now appeal.[1]

Initially, defendant contends that this appeal is untimely. Defendant argues that plaintiffs were required to file their notice of appeal by May 20, 1995, that is, within 30 days of entry of the judgment. We disagree. CPLR 5513 (a) provides that "when [as here] the appellant has served a copy of the judgment * * * and written notice of its entry, the appeal must be taken within thirty days thereof", meaning 30 days from service rather than entry (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:1, at 169-170). Plaintiffs' service of a copy of the judgment and notice of

---

1. A subsequent motion by plaintiffs to resettle the judgment by increasing the width of the easement to 20 feet was denied by Supreme Court. Plaintiffs did not appeal this order.

entry on May 4, 1995 and their subsequent filing of the notice of appeal on May 26, 1995, a period of 22 days, complied with the statute.

Defendant next argues that it was improper for plaintiffs to include, in the appendix to their appellate brief and the record, the postjudgment motion papers which support their request for a specific easement width because they did not appeal from the order denying that motion. As both parties note, plaintiffs' motion to "resettle" was in actuality a motion to renew under CPLR 2221. It was based on new proof, namely, the subdivision regulations of defendant Town of Woodstock's Local Law No. 1.[2] Even assuming, as defendant argued before Supreme Court, that these regulations were available to plaintiffs at trial, the discretion to grant renewal still exists (see, Menconeri v Professional Auto Transp., 223 AD2d 915, 916; Canzoneri v Wigand Corp., 168 AD2d 593, 594). Since an order denying a motion to renew is included in the category of subsequent orders which are appealable (see, CPLR 5517 [a]), it may be reviewed on the appeal of the original order simply by including it and the papers on which it is based in the record on the main appeal (see, CPLR 5517 [b]; Siegel, NY Prac § 532, at 835 [2d ed]). Thus, the order denying renewal and the postjudgment papers on which it is based are properly before this Court.

Neither party in this case disputes Supreme Court's findings that plaintiffs established an easement over the dirt road by prescription (see, Miller v Rau, 193 AD2d 868; Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 155-156) and by implication from preexisting use upon severance of title (see, Pickett v Whipple, 216 AD2d 833; Four S Realty Co. v Dynko, 210 AD2d 622; U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835; Abbott v Herring, 97 AD2d 870, affd 62 NY2d 1028). Accordingly, the propriety of those determinations are not before us. The primary dispute centers upon whether plaintiffs established an easement by necessity and, more particularly, whether evidence in the record supports a wider easement than was granted by Supreme Court. To establish an easement by necessity plaintiffs must show (1) that there was a unity and subsequent separation of title, and (2) that at the time of severance an easement over defendant's property was absolutely

---

2. These regulations set minimum driveway widths from 12 to 20 feet, depending on the number of lots, up to five, to be serviced by a single driveway. Thus, with only a 10-foot driveway, plaintiffs would be precluded from constructing even a single-family residence, since such would require a 12-foot driveway.

necessary (see, Pickett v Whipple, supra, at 835; U.S. Cablevision Corp. v Theodoreu, supra, at 838; Astwood v Bachinsky, 186 AD2d 949, 950).

As to the first element, plaintiffs have established unity of title and a subsequent separation of title because the proof adduced shows that they and defendant trace their title through maps and an abstract of title to a common grantor, John Hunter (see, e.g., D'Ambro v Squire, 204 AD2d 921, appeal dismissed 84 NY2d 850). As to the second element, plaintiffs adduced proof that, upon severance, their parcel became landlocked by other properties with no access to a public highway due to the nature of the surrounding terrain, except via the dirt road across the lands owned by Ostrander, defendant's predecessor in title. Thus, the easement was absolutely necessary.

In determining the extent of plaintiffs' easement, "[i]t is to be assumed [that the original parties who created the easement] anticipated such uses as might reasonably be required by a normal development of the dominant tenement" (Restatement of Property § 484, comment b; see, Wolfe v Belzer, 184 AD2d 691, 692). "The construction of a new home is certainly within the normal development of [plaintiffs'] land" (Wolfe v Belzer, supra, at 692). Accordingly, Supreme Court erred by limiting the width of plaintiffs' easement to 10 feet. We find that plaintiffs have established an easement by necessity over the entire length of defendant's property extending to a width of 12 feet.

Mikoll, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by substituting "12" feet for "10" feet in the fifth and sixth decretal paragraphs, and, as so modified, affirmed.