■ BOWMAN G. OWEN et al., Appellants, v BLC FLY FISHERS, INC., Respondent. [692 NYS2d 510] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 16, 1998 in Ulster County, which, *inter alia*, denied plaintiffs' motion for summary judgment.

This action arises from plaintiffs' claim of, *inter alia*, an easement over an abandoned highway variously referred to as the Hardenburgh-Neversink Road, Samuels Road or Old Claryville Trail (hereinafter the road). Plaintiffs are record owners of several hundred acres of real property in the Town of Hardenburgh, Ulster County, which adjoin property owned by defendant. The road courses through defendant's property. Plaintiffs claim that this road, which they used for years— defendant maintains that use has been with its permission— provides the only means of approach to this property from a nearby public highway. A dispute over access to the road prompted plaintiffs to initiate this action seeking, among other things, to establish an easement over the road. Supreme Court denied plaintiffs' motion for summary judgment, prompting this appeal.

As a preliminary matter, we note that plaintiffs have moved to strike an affidavit submitted by defendant as an appendix to its appellate brief. Inasmuch as this affidavit was not included in the record submitted and certified by plaintiffs' counsel and, further, given defendant's failure to move to strike the record and replace it, we can only conclude that this affidavit is matter dehors the record and hence cannot properly be considered on this appeal (*see, Vermont Fed. Bank v Chase*, 226 AD2d 1034, 1035-1036; *see also*, Siegel, NY Prac § 538, at 890 [2d ed]). Plaintiff's motion to strike is accordingly granted.

Turning to the merits, we that find that Supreme Court properly denied summary judgment. Being the movants, plaintiffs were obliged to present evidence establishing their entitlement to judgment as a matter of law (*see, Lebanon Val. Landscaping v Town of Moriah*, 258 AD2d 732, 733). To prevail, it was incumbent upon them, as adjoining landowners seeking an easement by implication or necessity over the land of another following the abandonment of a highway, to establish that there was a common grantor (*see, D'Ambro v Squire*, 204 AD2d 921, 922, *appeal dismissed* 84 NY2d 850; *Daetsch v Taber*, 149 AD2d 864, 866; *Kent v Dutton*, 122 AD2d 558).

It is an obdurate and long-standing principle that " '[a]

private easement of way may not be expressly or impliedly created by grant over purported streets where the ownership of the land in the streets and all of the easement rights therein is vested in a third person or in a municipality not a party to a grant. Rather, such an easement arises only when it is shown that ownership of the land and the bed of the street were once the property of a common grantor' " (*Kent v Dutton, supra,* at 558, quoting 5 Warren's Weed, New York Real Property, Streets and Highways, § 9.02). Here, the record reveals that for a considerable distance the alleged highway traverses portions of Great Lot 10 as well as Connecticut Tract Lots 2 and 9, for which plaintiffs' proof failed to establish a common grantor. In the absence of proof of a common grantor plaintiffs' motion was properly denied (*see generally,* 49 NY Jur 2d, Easements, § 95, at 199). Moreover, it is not at all clear from this record that in 1843, when title to that portion of the parties' property was purportedly divided, the then owner of plaintiffs' present properties did not have other legal access thereto.

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.