■ PAUL WALDRON et al., Appellants, v WAGNER HILL LTD., Respondent. [739 NYS2d 317] —Appeal from an order of Supreme Court, Oswego County (McCarthy, J.), entered February 13, 2001, which, inter alia, granted defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's cross motion seeking summary judgment dismissing the complaint. Although defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law, we nevertheless affirm the order granting the cross motion "because the submissions made in connection with * * * plaintiff[s'] * * * motion for summary judgment conclusively establish" that the complaint has no merit (*George v Hunt* [appeal No. 1], 289 AD2d 935, 935; *see,* CPLR 3212 [b]). Specifically, the submissions of plaintiffs on their motion conclusively establish that they do not have an easement by express grant to their predecessor in title. Even assuming, arguendo, that the tax deed to plaintiffs' predecessor in interest created an easement in favor of the four-acre parcel conveyed by that deed, we conclude that the easement attached to the property, not the owner, and therefore passed to defendant, the present owner of the property (*see, Will v Gates,* 89 NY2d 778, 783,

*rearg denied* 90 NY2d 936; *Strnad v Brudnicki*, 200 AD2d 735, 736-737). Plaintiffs have cited no New York case law supporting their second theory, that the owner of land adjoining a highway retains a common-law right of access over the entire highway, even if that highway is subsequently abandoned. Nor do plaintiffs have an easement over defendant's property by either implication or necessity. Even assuming, arguendo, that plaintiffs have established a common grantor (*see, Kent v Dutton*, 122 AD2d 558), we conclude that plaintiffs do not have an easement by implication or necessity where, as here, they admit that they have access to their land from that portion of Wagner Hill Road not abandoned by the Town of Bath (*see, Guardino v Colangelo*, 262 AD2d 777, 780). Present—Green, J.P., Pine, Kehoe and Gorski, JJ.