■ RICHARD RESK et al., Appellants, v CITY OF NEW YORK et al., Respondents. [741 NYS2d 265] —In an action pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs have an easement by necessity or a right of way over the defendants' property, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), dated April 7, 2000, which denied their motion for summary judgment, granted the defendants' cross motion for summary judgment dismissing the complaint, and declared that the plaintiffs do not have an easement by necessity over the defendants' property.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the complaint is reinstated, and it is declared that the plaintiffs have an easement by necessity over the defendants' property.

The plaintiffs acquired title to landlocked parcels in the College Park area of Queens County. These parcels were zoned for residential use and abutted parcels owned by the defendant Travers Tool Co., Inc. (hereinafter Travers), which was zoned primarily for manufacturing. Pursuant to the College Point Industrial Project, a buffer zone was created in the Travers parcel which would serve to separate the residential zone from the manufacturing zone. In an effort to utilize their landlocked parcels for residential purposes, the plaintiffs sought a judgment declaring that an easement either of necessity or implication existed through the buffer zone, to allow them access to the defendant City of New York streets.

The plaintiffs established that they are entitled to an easement by necessity. Under the circumstances of this case, and by examining the history of the conveyances regarding the subject parcels, the establishment of an easement through the buffer zone is reasonable for the normal development of the parcels (*see Palmer v Palmer,* 150 NY 139; *Wolfe v Belzer,* 184 AD2d 691). The necessity exists in fact and not as a mere convenience (*see Town of Pound Ridge v Golenbock,* 264 AD2d 773, 774). Additionally, the action should not be barred by laches. The essential element of this equitable defense is that the delay in bringing the action is prejudicial to the defendant (*see Matter of Schulz v State of New York,* 81 NY2d 336; *Matter of Barabash,* 31 NY2d 76). Prejudice is established by showing an injury, change of position, loss of evidence, or some other disadvantage resulting from the delay (*see Skrodelis v Norbergs,* 272 AD2d 316). Here, because the easement would be over a buffer zone which none of the defendants could utilize for any development purposes, they could not establish prejudice and the defense of laches does not apply. Accordingly, the plaintiffs are entitled to an easement by necessity over the defendants' property. Smith, J.P., S. Miller, Luciano and Adams, JJ., concur.