■ In the Matter of FORECLOSURE OF TAX LIENS. COUNTY OF ORANGE, Respondent; VIEWPOINT REALTY CORPORATION, Appellant. [792 NYS2d 566]—

In a proceeding pursuant to Real Property Tax Law articles 9 and 11 for a judgment permitting the petitioner to pursue supplementary proceedings against Viewpoint Realty Corporation for the purpose of collecting taxes, interest, and penalties claimed to be due and owing with respect to certain real property, Viewpoint Realty Corporation appeals from a judgment of the Supreme Court, Orange County (Horowitz, J.), dated March 11, 2004, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The appellant, Viewpoint Realty Corporation (hereinafter Viewpoint), owns a portion of a lake (hereinafter the subject property) in Orange County. Viewpoint formerly owned several parcels of land that abutted the lake. In the latter 1980s Viewpoint sold the parcels of land, but retained title to the subject property.

Claiming that there were unpaid real property taxes, interest, and penalties due on the subject property the County commenced foreclosure proceedings against it on November 4, 2002. Shortly thereafter, the County withdrew the subject property from foreclosure pursuant to Real Property Tax Law § 1138 (1) (d), based on the determination of its enforcing officer, the County's Commissioner of Finance, that the subject property was unmarketable and, if acquired, would present a "significant risk that [the County] might be exposed to a liability substantially in excess of the amount that could be recovered" by proceeding with the foreclosure.

Once a foreclosure proceeding has been withdrawn, RPTL 1138 (5) requires the enforcing officer to commence a "supplementary proceeding" to collect the delinquent taxes in the manner provided by RPTL 990 if, inter alia, the officer determines that "doing so would be an effective means to enforce collection of the delinquent tax." As is relevant here, RPTL 990 (1) requires the enforcing officer to apply to the court "for the institution of proceedings supplementary to execution," and RPTL 990 (2) permits such proceedings to be taken against a corporation.

Accordingly, in this case, following the withdrawal of the subject property from foreclosure, the County commenced this proceeding seeking a judgment allowing it to go forward with supplementary proceedings pursuant to RPTL 990 and 1138, in order to collect the delinquent taxes from Viewpoint.

RPTL 926 (1) provides, in relevant part, that the owner of real property is personally liable for taxes levied upon that property if, inter alia, he or she is a resident of the town or city in which the property is assessed. The statute defines the term "resident" to include a corporation, so long as the corporation has a place for the regular transaction of business in the city or town, or if the corporation is in "actual possession" of the real property at issue.

The County concedes that Viewpoint does not have a place for the regular transaction of business in the town where the subject property is located. Instead, it contends that Viewpoint is in actual possession of it, because, although the property is landlocked by parcels Viewpoint no longer owns, Viewpoint has a common-law easement by necessity for access to the subject property. The Supreme Court agreed, and granted the County's petition.

We reverse. The County made no showing in this case that, during the relevant period of time, Viewpoint had any need for access to the subject property. *Resk v City of New York* (293 AD2d 661 [2002]), upon which the Supreme Court relied, is inapposite. In *Resk,* this Court held that the plaintiffs, owners of parcels zoned for residential use, had an easement by necessity over abutting parcels zoned primarily for manufacturing use, in order to access public streets, and this Court determined that there was, in fact, a necessity for the easement for the development of the residential parcels.

In any event, even were we to assume that Viewpoint has an easement by necessity allowing it access to the subject property, on the facts here presented, such an easement does not equate with "actual possession," as required by RPTL 926 (1) (*cf. Lyke v Anderson,* 147 AD2d 18, 25 [1989]).

The County's remaining contention is without merit. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.