Bly Hollow LLC v Council (2025 NY Slip Op 06939)

Bly Hollow LLC v Council

2025 NY Slip Op 06939

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CV-24-0890
[*1]Bly Hollow LLC, Appellant,
v
Jodi Council et al., Respondents.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia and Fisher, JJ.

Rupp Pfalzgraf LLC, Saratoga Springs (Taylor M. Way of counsel), for appellant.
Hinman Straub PC, Albany (James T. Potter of counsel), for respondents.

Lynch, J.
Appeal from an order of the Supreme Court (Adam Silverman, J.), entered April 12, 2024 in Rensselaer County, which, among other things, denied plaintiff's motion for partial summary judgment.
In 1997, defendants purchased property on Black River Road in the Town of Stephentown, Rensselaer County, that abuts the west side of the Black River. In 2017, plaintiff purchased two contiguous parcels northeast of defendants' property from COWEE Forest Products, LLC, on the east side of the river. In this action, plaintiff seeks a declaration that it has an easement to utilize what was once an unpaved dirt road known as East River Road, that ran north from Black River Road along the back of defendants' parcel, crossed the river at the northeast corner of defendants' parcel and proceeded north through two parcels owned by a nonparty and then plaintiff's property, eventually reconnecting to Black River Road. Defendants disputed the easement claim, asserted that any claimed easement had been abandoned and further counterclaimed that they have title unencumbered by any easement by virtue of adverse possession. Plaintiff moved for summary judgment on its first cause of action, claiming that it has an easement as a matter of law based on East River Road's former status as a public highway,[FN1] as well as dismissal of defendants' counterclaim. Supreme Court denied the motion in its entirety. Plaintiff appeals.
We affirm. As the moving party, plaintiff was required to present evidence establishing its right to summary judgment as a matter of law (see Owen v BLC Fly Fishers, 262 AD2d 922, 922 [3d Dept 1999]). This record demonstrates that East River Road was once identified as a town road, but that such public use was abandoned long ago (see Highway Law § 205 [1]). Even so, relying on Matter of Scoglio v County of Suffolk (85 NY2d 709 [1995]), plaintiff maintains that, since its property adjoins what was once a public highway, it continues to enjoy a private easement over the road. Our reading of Scoglio does not sustain that premise. The situation in Scoglio involved the access rights of a property owner whose land was situated along an active public highway. In that instance, the Court of Appeals held that the owner "possesses, as an incident to such ownership, easements of light, air and access, from and over the highway in its entirety to every part of his or her land, regardless of whether the owner owns the fee of the highway or street itself" (id. at 712; see also Highway Law § 125). The Scoglio decision does not, however, speak to an adjacent property owner's continued access rights to an abandoned highway — the situation here. In other words, plaintiff's thesis that Scoglio establishes that it enjoys an easement as a matter of law because East River Road was once a public highway is unavailing (see Waldron v Wagner Hill., 292 AD2d 770, 770-771 [4th Dept 2002]). Nor is there any indication in this record that the town held more than a public easement to East [*2]River Road. As such, the abandonment of the road effectively extinguished the public easement (see Bashaw v Clark, 267 AD2d 681, 685 [3d Dept 1999]). Correspondingly, "[t]he owner[s] of the land over which a highway passes retain[ ] the fee and all rights of property not incompatible with the public enjoyment, and whenever the highway is abandoned, recover[ their] original unincumbered dominion" (id. [internal quotation marks and citation omitted]).
We are mindful that the abandonment of a public highway does not by itself extinguish private easements over the highway (see Seven Springs, LLC v Nature Conservancy,48 AD3d 545, 546 [2d Dept 2008]; Firsty v De Thomasis, 177 AD2d 839, 841 [3d Dept 1991]). Plaintiff, however, has failed to submit any evidence that it or its predecessors in title possessed a private easement over the road (see Owen v BLC Fly Fishers, 262 AD2d at 922-923). As such, Supreme Court properly denied plaintiff's motion on its first cause of action.
Supreme Court also properly declined to dismiss defendants' adverse possession counterclaim. "To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right . . . , (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (at least 10 years)" (Golobe v Mielnicki, 44 NY3d 86, 94 [2025] [internal quotation marks and citation omitted]; see Sills v Moorings Prop., LLC, 218 AD3d 1075, 1077 [3d Dept 2023]). Pertinent here, " 'an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for [the prescriptive period]' " (Gold v Di Cerbo, 41 AD3d 1051, 1054 [3d Dept 2007], lv denied 9 NY3d 811 [2007], quoting Spiegel v Ferraro, 73 NY2d 622, 626 [1989]). At the very least, an issue of fact exists as to whether defendants excluded plaintiff and its predecessors from utilizing the road since 1998. Not to be overlooked is a photograph in the record taken in 2022 showing the dilapidated condition of the wooden bridge over the river, and large boulders adjacent the bridge — ostensibly put in place by plaintiff's predecessors — which directly impede the passage. Accordingly, Supreme Court correctly declined to dismiss defendants' counterclaim.
Garry, P.J., Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff's additional causes of action for an easement by necessity, prescription
and grant are not at issue in this appeal.